STATE OF NORTH CAROLINA
v.
DONALD IVAN McCRAY, Defendant.
No. COA07-316
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Lars F. Nance, for the State.
Jarvis John Edgerton, IV, for defendant-appellant.
BRYANT, Judge.
Donald Ivan McCray (defendant) was charged with second degree rape, first degree kidnapping and two counts of second degree sex offense. The State's evidence tended to show that on the evening of 10 March 2005, the victim was working as a temporary, cleaning classrooms at North Carolina Central University. The victim smoked crack cocaine while on her break from 8:00 to 9:00 p.m. After she finished work around 12:30 a.m., the victim, wearing a man's pea coat, walked up Fayetteville Street and purchased marijuana. The victim testified at trial that she had previously traded sex for drugs or money in her home with people she knew.
As the victim walked down Fayetteville Street to return home, a white car that had been circling the block, pulled up beside her. The driver, defendant, asked the victim if she wanted a ride. When the victim said, "No," defendant pushed her into the car and slapped her. Defendant asked the victim if she wanted to make $200 dollars. The victim replied, "No." Defendant then drove up Highway 15-501 to Chapel Hill and turned onto a dark road. Defendant demanded oral sex. Upon her refusal, defendant slapped the victim and forced her to give him oral sex. Defendant then demanded anal sex. The victim pleaded with defendant to use a condom. Defendant then forced the victim to give him oral sex again and then vaginally penetrated the victim.
Defendant drove the car a short distance, then stopped and let the victim out of the car to use the bathroom. Defendant fled the scene. The victim then walked to a convenience store and called 911. The victim was transported to UNC Hospital for a rape examination. As part of the examination, the victim gave medical history information to the assault nurse.
On 6 July 2006, a jury found defendant guilty of second degree rape. The trial court sentenced defendant to 133 to 169 months imprisonment. Defendant appeals.
In his sole argument on appeal, defendant contends the trial court improperly denied him the right to inquire into the victim's history of sexually transmitted diseases for the purpose of attacking her credibility as a witness. We disagree.
Prior to trial, the State moved to exclude the victim's prior sexual history and part of the assault nurse examiner's report which listed the victim's prior sexually transmitted diseases. Defendant sought to question the victim concerning her prior sexual history in terms of prostitution. Defendant asserted the evidence of the victim's medical history was relevant to his defense that the victim was a prostitute who consented to have sex with him. Pursuant to Rule 412, the trial court granted the State's motion in limine to prevent the defense from cross-examining the victim concerning her prior sexual history and prior history of sexually transmitted diseases.
At trial, the victim testified on direct examination that when she asked defendant to use a condom, defendant replied, "[O]h, it ain't nothing wrong with me. I don't need no condom." The victim then said, "Sir, it could be something wrong with me." After the victim's testimony, defense counsel asked that it be put on the record that defendant had asked the trial court to revisit its ruling. Defendant specifically asserted that the trial court "did not consider that [the victim] had opened the door to the idea of having Hepatitis B when she talked about 'maybe you want to use a condom because I may have something.'" Defense counsel informed the trial court that defendant had intended to cross-examine the victim regarding her Hepatitis B. The trial judge stated for the record that he had sustained defendant's objection at a bench conference; that the testimony was not relevant; that the potential for unfair prejudice outweighed the probative value; and noted defendant's objection for the record.
On appeal, defendant asserts that "the excluded evidence of [the victim's] history of sexually transmitted diseases undermined her testimony that she was selective about her customers, and made more probable the disputed fact that she consented to sex as part of a prostitution transaction with defendant, a stranger to her." Defendant argues the victim's history of sexually transmitted diseases was relevant and its exclusion was prejudicial.
It is a well-established principle that an accused is assured of the right to cross-examine adverse witnesses. State v. Newman, 308 N.C. 231, 254, 302 S.E.2d 174, 187 (1983). However, cross-examination concerning a victim's sexual history is limited by the Rape Shield Statute. N.C. Gen. Stat. § 8C-1, Rule 412 (2005). Rule 412 provides, in pertinent part, that "[n]otwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior . . . [i]s evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant[.]" N.C. Gen. Stat. § 8C-1, Rule 412(b) (2005) (emphasis added). Ultimately, the scope of cross-examination is within the sound discretion of the trial court, and its rulings thereon will not be disturbed absent a showing of abuse of discretion. State v. Hinson, 310 N.C. 245, 254, 311 S.E.2d 256, 263, cert. denied, 469 U.S. 839, 83 L. Ed. 2d 78 (1984). An "[a]buse of discretion results where the [trial] court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. Roache, 358 N.C. 243, 284, 595 S.E.2d 381, 408 (2004) (citation and quotations omitted).
In this case, where consent is the defense, evidence of prior sexual activity is precisely the type of evidence the rape shield statute is intended to proscribe. The medical records of the victim's Hepatitis B did not relate to the exact sexual act for which defendant was on trial and, therefore, the medical records concerned some other act in the victim's sexual history. On this record, given the purpose of the rape shield statute, we hold that evidence of the victim's medical history of sexually transmitted diseases is not probative on the issue of whether she consented to sexual activity with defendant, and the trial court properly excluded it pursuant to N.C.G.S. § 8C-1, Rule 412. See State v. Fortney, 301 N.C. 31, 44, 269 S.E.2d 110, 117 (1980) ("Naked inferences of prior sexual activity by a rape victim with third persons, without more, are irrelevant to the defense of consent in a rape trial.").
Further, defendant's questioning of the victim's medical history was not relevant for the purpose for which it was offered, i.e. to impeach the victim's credibility. See State v. Thompson, 139 N.C. App. 299, 309-10, 533 S.E.2d 834, 842 (2000) (upholding trial court's denial of the introduction of medical records where they did not contradict victim's testimony nor suggest anything useful for impeachment purposes). The medical records did not contribute anything to defendant's case: they did not contradict anything testified to by the victim, nor did they suggest anything else that could be used to impeach her. The medical records simply stated the victim's past sexually transmitted diseases. It was apparent from the victim's testimony that she had been sexually active before the rape, as the victim had testified that she had exchanged sex for drugs or money.
Finally, we cannot say the trial court committed prejudicial error by preventing this line of questioning. Rule 403 of the North Carolina Rules of Evidence provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403 (2005). We conclude that the probative value, if any, to defendant was substantially outweighed by the danger of unfair prejudice to the State and the prosecuting witness.
No error.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).